Stacey Lee
staceylee121281@gmail.com
1800 E Old Ranch Rd Apt 126
Colton, CA 92324
213-278-2243
Plaintiff (Pro Se)

FILED
CLERK, U.S. DISTRICT COURT
05/08/2025
CENTRAL DISTRICT OF CALIFORNIA
BY ___AP___ DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNTIED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Stacey Lee
Plaintiff,
V.                              CASE #   5:25-cv-01138-KK(DTBx)
Resurgent Capital Services L.P.
Defendant,

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1. This is an action for damages brought by Plaintiff Stacey Lee against Defendant Resurgent Capital Services, L.P. for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and Regulation F, 12 C.F.R. Part 1006, arising from Defendant's abusive, deceptive, and unfair debt collection practices.

**JURISDICTION AND VENUE**

2. Jurisdiction is proper under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227, and 28 U.S.C. § 1331.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred here.

## PARTIES

4. Plaintiff Stacey Lee is a natural person and a consumer as defined by 15 U.S.C. § 1692a(3), residing in Colton, California.

5. Defendant Resurgent Capital Services, L.P. ("Defendant") is a debt collector as defined by 15 U.S.C. § 1692a(6) and regularly collects or attempts to collect debts owed or due to another. Defendants place of business is located at 55 Beattie Place Suite 110 Greenville, SC 29601.

## FACTUAL ALLEGATIONS

6. Defendant engaged in debt collection activities directed toward Plaintiff regarding an alleged consumer debt originally owed to WebBank.

7. Between approximately April 1, 2025, and April 23, 2025, Defendant sent Plaintiff at least 10 emails attempting to collect the alleged debt.

8. Defendant also sent Plaintiff at least 7 text messages during the same time period attempting to collect the alleged debt.

9. In the communications, Defendant: a. Buried the mandatory FDCPA disclosure ("this communication is from a debt collector") at the very bottom of lengthy emails after unrelated content, making it not clear or conspicuous. b. Used a friendly and informal tone that overshadowed the fact that the communications were attempts to collect a debt. c. Included an opt-out ("unsubscribe") option in small font at the top of emails, not clear and conspicuous as required under Regulation F. d. Sent excessive and frequent communications, creating a pattern of harassment and oppression.

10. Defendant's practices would likely mislead the least sophisticated consumer about the nature of the communications and their rights under federal law.

## CLAIM FOR RELIEF

### COUNT I – Violations of the Fair Debt Collection Practices Act (FDCPA)

11. Plaintiff repeats and realleges the preceding paragraphs.
12. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations in connection with the collection of a debt.
13. Defendant violated 15 U.S.C. § 1692e(11) by failing to make the required debt collector disclosure in a clear and conspicuous manner.
14. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff.
15. Defendant violated Regulation F (12 C.F.R. § 1006.6(d)(4)) by failing to provide a simple, clear, and conspicuous method to opt out of further emails.

### COUNT II – Violations of the Telephone Consumer Protection Act (TCPA)

16. Plaintiff repeats and realleges the preceding paragraphs.
17. Defendant used an automatic telephone dialing system ("ATDS") or a pre-recorded voice to send text messages to Plaintiff's cell phone without Plaintiff's prior express consent, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).
18. Each unauthorized text message violated the TCPA.
19. Defendant's conduct was willful and knowing.

## DAMAGES

20. Plaintiff is entitled to recover statutory damages of up to $1,000 under the FDCPA.
21. Plaintiff is entitled to recover $500 in statutory damages for each violation of the TCPA, or up to $1,500 for each willful violation.
    - 7 text messages × $500 minimum = $3,500 minimum TCPA damages.
    - 7 text messages × $1,500 maximum = $10,500 for willful violations.

22. Plaintiff is entitled to actual damages, including emotional distress, annoyance, and invasion of privacy.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

- Award statutory damages under the FDCPA;
- Award statutory damages under the TCPA;
- Award actual damages as permitted by law;
- Award costs and reasonable attorney's fees as permitted by law;
- Award pre-judgment and post-judgment interest as permitted by law;
- Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: 5/7/2025

Stacey Lee

Plaintiff (Pro Se)

Title of this document